**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEX ANTONIO VASQUEZ GANUZA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-72205

Agency No. A070-918-921

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2020[**]
Pasadena, California

Before:  IKUTA and BENNETT, Circuit Judges, and WOODLOCK,[***] District Judge.

Alex Vasquez Ganuza petitions for review of the Board of Immigration

Appeals (BIA)'s decision denying his application for cancellation of removal, *see* 8

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Douglas P. Woodlock, United States District Judge for the District of Massachusetts, sitting by designation.

U.S.C. § 1229b(b), based on the agency's conclusion that Vasquez is subject to the persecutor bar on such relief, *see* 8 U.S.C. §§ 1229b(c)(5), 1231(b)(3)(B)(i). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition for review.

The BIA's conclusion that the persecutor bar is applicable because Vasquez "assisted, or otherwise participated in the persecution" of individuals because of their political opinion is supported by substantial evidence. *See* 8 U.S.C. §§ 1229b(c)(5), 1231(b)(3)(B)(i); *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927–30 (9th Cir. 2006).[1] Vasquez, who served in the Third Brigade and Special Forces of the Army of El Salvador, was personally involved because he participated in patrol groups that rounded up guerrillas and delivered them to Section Two of the Third Brigade, where they were tortured because of their political opinions. Such conduct amounts to "more than mere acquiescence or membership in a persecutory organization," *Miranda Alvarado*, 449 F.3d at 927 n.11 (brackets and citation omitted), and his participation in patrols that resulted in approximately 200 arrests was "integral to the persecution that occurred," *Kumar v. Holder*, 728 F.3d 993, 999 (9th Cir. 2013) (emphasis omitted). Further, during

---

[1] Although the BIA has declined to follow the analysis we set forth in *Miranda Alvarado*, *see Matter of D-R-*, 27 I. & N. Dec. 105, 118–19 (BIA 2017), it applied *Miranda Alvarado* in this case. Neither Vasquez nor the government argues that the BIA applied the wrong legal rule. Therefore, we rely on *Miranda Alvarado*, and note that the outcome would be the same under either framework.

his asylum interview, Vasquez admitted that he knew of the persecution.[2]  Vasquez argues that the agency erred in concluding that he was aware of the persecution, but the record does not "*compel*[]" this conclusion,  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis in original), given Vasquez's admissions to the asylum officer and the agency's reasonable rejection of his subsequent explanation. Moreover, documentary evidence detailing atrocities committed by the Third Brigade further supports the inference that members of Salvadoran patrol groups understood the consequences of their actions.

Vasquez has not established any "legally cognizable justification" for his actions. *Miranda Alvarado*, 449 F.3d at 930.  His lack of supervisory authority is not a cognizable justification, and Vasquez has provided no facts indicating that he was in "extreme" circumstances "so coercive" that he was effectively "forced" to go out on patrol.  *Id*. at 929.[3]

---

[2] The IJ concluded that Vasquez's testimony that he did not use the terms "torture" and "mistreat" in their ordinary sense during his asylum interview was not credible, and the BIA upheld this adverse credibility ruling.

[3] Vasquez's argument based on *Negusie v. Holder* fails.  555 U.S. 511, 517–20 (2009)*.  Negusie* merely held that the persecutor bar is ambiguous as to whether coercion or duress are relevant considerations. *Id*. at 517.  Here, the agency assumed that a claim of coercion or similar extenuating circumstances could rebut application of the persecutor bar.

**PETITION DENIED.**[4]

---

[4] Vasquez's motion for a stay of removal pending his petition for review, Dkt. No. 5, is denied as moot.